UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASTAGNOLA FLEET MANAGEMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SEA-PAC INSURANCE MANAGERS, INC. DBA SEA-PAC INSURANCE SERVICES, *et al.*, <br><br> Defendants. | Civil No. 09cv369-L(POR) <br><br> **ORDER (1) GRANTING PLAINTIFFS' MOTION TO REMAND; AND (2) DENYING FOR LACK OF SUBJECT MATTER JURISDICTION PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND DEFENDANTS' MOTION TO DISMISS** |

Defendants removed this maritime insurance action from State court.[1] The notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. Sections 1332 and 1441. Plaintiffs filed a motion to remand arguing that Defendants failed to establish complete diversity. Because this court lacks subject matter jurisdiction, Plaintiffs' motion to remand is **GRANTED**. Plaintiffs' motion for leave to amend and Defendants' motion to dismiss are **DENIED FOR LACK OF SUBJECT MATTER JURISDICTION**.

---

[1] This action was brought under the "savings to suitors" clause of 28 U.S.C. Section 1333(1), which "leaves state courts 'competent' to adjudicate maritime causes of action in proceedings 'in personam,' that is, where the defendant is a person, not a ship or some other instrument of navigation." *Ghotra by Ghotra v. Bandilla Shipping, Inc.*, 113 F.3d 1050, 1054 (9th Cir. 1997) (citations omitted).  Such cases can be brought "at law" in federal court, provided the requirements of diversity of citizenship and amount in controversy are met." *Id.*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed '[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego*, 443 at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

Defendants removed this action based on diversity jurisdiction under 28 U.S.C. Section 1332(a). Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy

exceeds $ 75,000, excluding interest and costs.  28 U.S.C. §1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Defendants argue that removal in this case was proper because the only non-diverse Defendant, Nicole Highley,[2] was fraudulently joined and is a sham defendant.  Ms. Highley-Bottom's California citizenship is not disputed, however, the parties disagree whether she is a sham defendant.  "[O]ne exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined.  Joinder of a non-diverse defendant is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled law of the state.  In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (internal quotation marks and citations omitted).  "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id*. at 1046.  In addition to the strong presumption against removal jurisdiction, *Gaus*, 980 F.2d at 566, Defendants face the "general presumption against fraudulent joinder," *Hunter*, 582 F.3d at 1046.  "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Plaintiffs Castagnola Fleet Management and Andrea C. Fishing Corp. owned and operated M/V Andrea C. (Compl. at 1.)  Plaintiffs placed substantially all of their liability insurance through Defendants,[3] including insurance for the relevant time period.  They seek to

---

[2] Nicole Highley's married name is Nicole Bottom. (Decl. of Nicole Bottom in Supp. of Notice of Removal ("Highley-Bottom Decl.") at 1.)  For clarity, Ms. Bottom will hereinafter be referred to as Ms. Highley-Bottom.

[3] Defendant Sea-Pac Insurance Managers, Inc. dba Sea-Pac Insurance Services was a wholly owned division of Defendant Raleigh, Schwarz & Powell, Inc. (Compl. at 2.)  Raleigh, Schwarz & Powell, Inc. was merged into Defendant Brown & Brown of Washington, Inc., which is a wholly owned subsidiary of Defendant Brown & Brown, "the eighth largest insurance broker in America." (*Id*.)  These entity Defendants are hereinafter referred to as "Sea-Pac."  Defendant Sharon Edmondson operated and directed Sea-Pac as principal with regard to Plaintiffs' insurance business. (*Id*.)

1  recover uninsured losses after the vessel allegedly suffered a sudden negligent over-
2  pressurization of the space between the hull and the fishwell liners, resulting in at least $ 1
3  million in damage.  (*Id*. at 4-5, 6.)

4        Defendants acted as Plaintiffs' insurance agents, brokers and advisers from the mid-1990s
5  to September 12, 2003. (*Id*. at 3-4.)  Defendants were dual agents for Plaintiffs and the
6  underwriters. (*Id*. at 3.)  Plaintiffs allege, among other things, that Defendants falsely
7  represented that they were placing insurance with licensed and authorized underwriters in the
8  United States, Europe or Australia.  As a result, their hull and machinery claims were not
9  indemnified after the placement of their 2002 insurance coverage. (*Id*. *passim*.)  Plaintiffs allege
10 claims under California law for breach of oral contract, breach of written contract, negligence
11 *per se*, breach of fiduciary duty, fraud, negligent misrepresentation, unfair business practices
12 under California Business and Professions Code Sections 17200 *et seq*., and declaratory relief.
13 All claims are alleged against all Defendants.

14       Ms. Highley-Bottem was employed at Sea-Pac during the relevant time.  (Highley-Bottem
15 Decl. at 1.)  She was not a licensed insurance broker.  (*Id*.)  She assisted Defendant Sharon
16 Edmondson, who was a licensed broker and who directed, supervised and authorized the
17 quotation, procurement, and sale of insurance.  (*Id*. at 2.)  Defendants argue that she is immune
18 from liability because she acted as an agent for Sea-Pac in the scope of her employment.

19       Plaintiffs allege, among other things, that all Defendants misrepresented to Plaintiffs
20 pertinent facts and insurance policy provisions in violation of California Insurance Code Section
21 790.03(h)(1) and that they misrepresented that insurance was placed with licensed, authorized,
22 financially sound, competent, and properly secured underwriters, with adequate financial
23 security to defend and pay claims when they arose. (Compl. at 10 & 16.)  These allegations are
24 not contradicted by Ms. Highley-Bottem's declaration.  Furthermore, far from Defendants'
25 argument that she was a mere clerical employee, which is not supported by her declaration, Ms.
26 Highley-Bottem held herself out to Plaintiffs as a Sea-Pac "Account Executive."  (*See* Decl. of
27 Patrick D. Webb, Ex. B (SPC 031701).)
28 / / / / /

Under California law, "One who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency . . . when his acts are wrongful in their nature." Cal. Civ. Code § 2343(3); *see also* B.E. Witkin *et al.*, Summary of Cal. Law § 199 (10th ed. 2005) ("An agent or employee is always liable for his or her own torts, whether the principal is liable or not, and in spite of the fact that the agent acts in accordance with the principal's directions."). Specifically, an agent who acted in the scope of employment may be held personally liable when he or she participated in the alleged wrong. *Michaelis v. Benavides*, 61 Cal. App. 4th 681 (1998). For example, insurance agents may be held personally responsible to a third party when they commit fraud. *McNeill v. State Farm Ins. Co.*, 116 Cal. App. 4th 597, 603 (2004) (distinguishing *Lippert v. Bailey*, 241 Cal. App. 2d 376 (1966); *Gasnik v. State Farm Ins. Co.*, 826 F. Supp. 245 (E.D. Cal. 1992) & *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804 (N. D. Cal. 1998)); *see also* 3 Witkin, Summary of Cal. Law § 203 ("Where the agent by his or her own fraud or other wrongful act obtains money for the principal and pays it over to the principal, the agent remains personally liable to the third party."). The Complaint contains sufficient allegations that it is not "obvious according to the settled law of the state" that there is no "possibility that a state court would find that the complaint states a cause of action" against Ms. Highley-Bottem. *See Hunter*, 582 at 1043, 1046.

Defendants also argue that Plaintiffs' motion to remand should be denied because Ms. Highley-Bottem is not a necessary or indispensable party under Federal Rule of Civil Procedure 19. (Opp'n at 7.) They suggest instead, that the case should be severed and the action proceed in this court without her. Defendants cite no legal authority in support of this argument. Plaintiffs did not file a motion for Ms. Highley-Bottem's joinder. She was a named Defendant at the time of removal. Even if Plaintiffs were to move after removal to join a non-diverse defendant, severance would not be one of the options offered by 28 U.S.C. Section 1447(e). The court could either deny the motion or grant it and remand the case. The court's choices are even more limited when the non-diverse defendant was a party at the time of removal. The only choice is to remand the case. *Gaus*, 980 F.2d 566 (remand "if there is any doubt as to the right of removal in the first place"); *Hunter*, 582 F.3d at 1046 (must remand if joinder not fraudulent).

Last, Defendants argue that Defendant Fred Tucker is a sham defendant. Mr. Tucker is alleged to reside in California (Compl. at 2), but is in fact domiciled in the state of Washington and is a Washington citizen (Notice of Removal at 4-5; Decl. of Fred Tucker in Supp. of Notice of Removal at 2.) Plaintiffs do not dispute that Mr. Tucker is a Washington citizen. Mr. Tucker is therefore a diverse defendant rather than a sham defendant.

Based on the foregoing, Defendants failed to meet their burden of showing that removal was proper. Plaintiffs' motion to remand is **GRANTED** and the action is **REMANDED** to the Superior Court of the State of California, County of San Diego. Plaintiffs' motion for leave to amend and Defendants' motion to dismiss are **DENIED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: March 8, 2010

M. James Lorenz
United States District Court Judge